OPINION of the Court, by
judge Thimble.
— Per-ceval Butler had judgment, in the Gallatin circuit court, against John Grimes, late sheriff of Gallatin county, and others, his securities, in an action brought in the name of the Governor for Butler’s use, on the sheriff’s bond for an escape ; to reverse which judgment the defendants have prosecuted this writ of error j^and they have made the following assignment of errors, to wit.
The juftices who accepted fuch bond might be liable for (he deficiency in the penalty.
, In fait againft iherifffor an escape, verdict* that he fuffered the prifoner <f voluntarily & negligently to escape,” not fufficient to Satisfy the requi-fitions of the ftatute*
1st. The bond, on which the suit is brought, is utterly void, not being authorised or supported by any law.
2dly. Proceedings were had and judgment rendered against the plaintiffs in error, Craig and Weigley, whereas it appears, by the sheriff’s return, that the writ was never executed on them.
3dly. The declaration is deficient in not shewing any law authorising the plaintiff to prosecute this suit for the benefit of Butler, and in not sufficiently assigning the breach.
r 4thly. The court erred in overruling the motion in arrest of judgment,and in giving judgment for the plaintiff.
The bond declared on is, by oyer, made part of the record, and is conditioned as the law requires the sheriff’s bond of office to be, and appears in all other respects to be regular ; except that the penalty of the bond is for three hundred pounds, instead of three thousand dollars, as the act of assembly requires. On account of this variance between the penalty of the bond and that fixed by law it is contended the bond is void, and that no action can be maintained thereon against the sheriff and his securities. We have experienced considerable difficulties on the subject; but, upon tire best reflections we are capable of, we are of opinion the bond is not void, and that the action is maintainable thereon.
'It was certainly the duty of the county court to require the sheriff to execute bond in the penalty fixed by law ; and if they have accepted of a bond in a less penalty, whereby others may be injured, they may be responsible to the extent of the injury when it shall happen. But the court having accepted a bond from the sheriff and his securities in a less penalty than might have been required, tends to the ease and benefit of the sheriff and his securities, and not to their prejudice; and they ought not to be permitted to allege that because they were not bound for asymuch as they might have been, they are not bound at all. A bond taken against law, that is, contrary to the express prohibition of the law, is certainly void ; but it would be carrying the principle too far to say a bond required by statute to be taken is void, because it does not in all respects pursue the directions of the statute.
The second assignment is predicated on a misconstruction of the record. It is true, no process was sery- *194 ed on Craig and Weigley, nor is any judgment rendered against them. The record states that the “defendants, John Grimes, John Foster, Robert Scandlar.d and Reuben Gannt,” came, &c. and on the motion of the defendants, by their attorney, it is ordered, that the writ of enquiry be set aside, &c. and the pleadings then proceed until an issue is made up, not between the plaintiff and the whole of the defendants to the writ, but, according to the true construction of the record, so many of them as had specially appeared by name.
It will be unnecessary to give any opinion on the third assignment of error, as we are of opinion, upon the fourth, that the judgment must be reversed.
This assignment is predicated on the errors filed in arrest of judgment: the first of which is, that “ the verdict is not correspondent with the requisitions of the act of assembly in such cases made and provided ; but is too vague and uncertain to justify a judgment being entered thereon.”
The act of assembly declares that “ no judgment shall be entered against a sheriff, or other officer, in any suit to be brought for, or by reason of the escape of debtors in his custody, unless the jury who tried the issue shall expressly find that the prisoner escaped with the consent, or through the negligence of such sheriff, his deputy, or other officer, and that he might have been retaken, but that the sheriff, or ether officer, neglected to make immediate pursuit.” The jury in this case find that the sheriff “did suffer Elijah Craig (who was the prisoner) voluntarily and negligently to escape.” This finding is repugnant and contradictory to itself: consent implies volition ; negligence, the absence of volition or attention ; the former is active, the latter passive. The prisoner could not have escaped both with the consent and by the negligence of the sheriff. The jury have found both, and we cannot tell which they really intended. If the latter, they ought to have further found that the prisoner might have been retaken, but that the sheriff neglected to make immediate pursuit. We are therefore of opinion, that the verdict does not sufficiently pursue the true intent and meaning of the act of assembly, and that it is too uncertain to authorise the rendition of a judgment against the sheriff and his securities for an escape. — —Judgment reversed.