MeRRelx., J.
This is an action against Alfred Young, Sr., and Edward J. Morris, on the official bond of the former as treasurer and ex officio collector of taxes of Sweetwater county, for the term commencing on the first Monday in January, 1889. The former is principal and the latter surety on said bond. The action was brought in the court below to recover the sum of $738.20, the alleged amount of a defalcation of said Young in said office. To the petition in. the court below a demurrer was interposed, alleging two grounds: (1) There is in said petition a defect of parties plaintiff, in this: that the board of the county commissioners of the county of Sweetwater is not authorized by law to bring this suit. (2) That the said petition does not contain facts sufficient to constitute a cause of action.
As to the first point, the alleged defect of parties plaintiff, it is to be remarked that the bond, as required by the statute in force at the time of its execution, runs in favor of the people of the territory of Wyoming, and an action lies thereon to the use of any one aggrieved, in the name of the people. Rev. St. § 1907. But section 2383, Rev. St. provides: "The rule prescribed in the preceding section may be so applied, when a person forfeits .his bond or renders his sureties liable, that any person injured thereby, or who is by law entitled to the benefit of this security, may hring an action thereon in his own name, against the person and his sureties, to recover the amount to which he is entitled by reason of the delinquency, which action may be prosecuted on a certified copy of the bond, and the custodian of the bond shall deliver such copy to any person claiming to be so injured on tender of the proper fee; but the provisions of this section as to the form of the action shall not be imperative, if the provision is otherwise made by law, norshall a judgment for one delinquency preclude the same or another party from an action on the same instrument for another delinquency. A county may sue in its corporate name upon any official bond of any of its officers.” This section, with the exception of the concluding sentence, was taken from the Ohio Code of Civil Procedure. Rev. St. Ohio, § 4994. It was held in that state that suits on official bonds must be brought in the name of the state. Hunter v. Commissioners, 10 Ohio St. 515. This was because under the common law an action could only be brought on the bond in the name of the obligee, the state of Ohio, and as no statute of thatstateauthorized the board of county commissioners to sue upon the official bonds of any of its officers the. action would not lie in the name of the board. This was remedied by our legislation by the closing sentence of said section 2383, above quoted: “A county may sue in its corporate name upon any official bond of any of its officers.”
It is claimed on behalf of the defendants in error that the statute authorizing suits and proceedings to be prosecuted and defended in the name of the board of the county commissioners of a county does not necessarily make that the corporate name of the county. This is very true. It is pertinently suggested that the county might be authorized to sue and defend in the name of any other of its officers, and to call the nauje of that officer, the treasurer, for instance, the corporate name of the county, would be unreasonable. It may also be said that the insurance of county buildings is effected in the name of the county treasurer for the benefit of the county. This does not make the treasurer of the county the corporate name of the county. There is no statute declaring in express words what 'the corporate name of the county is, and it is urged that in the absence of such statute the corporate name of a county may be established by usage. This seems reasonable. The word “county” is evidently used in two distinct senses: First, as meaning that certain defined quantity or extent of territory, country, or land comprised within certain boundaries established by law; and, second, the body politic and corporate exercising certain powers and governmental functions within such boundaries. Any name used by competent authority to designate this body politic and corporate would seem to be its corporate name, and, unless onecorporate name for the corporate body should be designated by law, there would seem to be nothing to prevent it from obtaining several corporate names. It would seem that by both popular usage and legislative custom the two names, “County of Sweetwater” and “Sweetwater County,” are used indiscriminately, as the geographical name of the county, to designate either the territory constituting that county, or the body politic and corporate *687 exercising the functions of county government over that territory. It would seem, further, that, when so used to designate the body politic and corporate, either one of the names must be a corporate name. A man may acquire by usage a name different from his baptismal name. He may acquire more than one name. The same is evidently true of counties. While both names, “Sweetwater County” and the “County of Sweetwater,” are used in different statutes to indicate the public corporation exercising the powers of county government to the territorial extent of the boundaries of Sweetwater county, as fixed by section 667 of the Revised Statutes, neither name is made in express words the corporate name of the county. Both are used to indicate the corporation as well as the territory embraced within the county limits, and so are used as corporate names. In all of this, there is no prohibition, either express or implied, against thecounty havingothercorporate names. It has another name by which it must be known in all suits and proceedings to which it is a party, fixed by positive provisions of statute. It is the name in which this suit was brought to the trial court: “The Board of the County Commissioners of the County of Sweetwater. ” Rev. St. § 1795. The provision at the close of -section 2383 is simply to enable the county to sue in its own appropriate corporate name, the same as other parties in interest sue in their own names. This has been done. The suit is brought in the corporate name in which the county is required to sue, the only corporate name established by law in express words, and the corporate name in which its business is transacted. See Johr v. St. Clair Supervisors, 38 Mich. 532; Commissioners v. Craft, 6 Kan. 151; Commissioners v. Bank of Commerce, 97 U. S. 374; Commissioners v. Sellew, 99 U. S. 624. It was said by the court of appeals of the state of New York in the case of People v. Ingersoll, 58 N. Y. 28, that “corporate capacity is conferred upon each county in the state, and New York [county] is not excepted, to sue and be sued; to purchase and hold lands within its limits for the use of its inhabitants; to make contracts and possess personal property; and to ■dispose of and regulate the uses of its corporate property; and all suits and proceedings by and against a county in its •corporate capacity are directed to be in 4he name of the board of supervisors of such county, that serving pro hac rice as the corporate name.” So, in this case, for this suit and other suits by the county as well as against it, the name of the board of county commissioners serves as the corporate name of the county.
The point is raised under section 5 of article 21 of the constitution of this state, (the schedule thereof,) that this action should have been prosecuted in the name of the state. What the effect of this section would have been if no more specific provision had been made in the schedule to the constitution, it is not necessary to determine. Other provisions have been made, and the action was properly brought in conformity to them. Section 19 of the schedule provides, among other things, that county and precinct officers in office at the time of the adoption of the constitution shall hold their respective offices for the full time for which they were elected, and until such time as their successors may be elected or qualified, as provided by law, “and the official bonds of such officers shall continue in full force and effect as though this constitution had not been adopted.” Section 3 of the same article provides that “all laws now in force in the territory of Wyoming, which are not repugnant to this constitution, shall remain in torce until they expire by their own limitation, or be altered or repealed by the legislature.” The schedule to the constitution was incorporated therein to provide for the transition of the territory to a state, and this appears from the language of the first section thereof. “That no inconvenience may arise from a change of the territorial government to a permanent state government, it is declared,” etc. These sections may have been held to havethe same force as a saving clause to a statute. They are generally considered as wholly prospective, and not to affect past legislation. The clause continuing in force laws nob repugnant with the constitution is not to be held to abrogate laws which if subsequently enacted would be clearly inconsistent and unconstitutional. People v. County Commissioners, 6 Golo. 204. It is evident that there was no intent to abrogate any provisions of the Civil Code of Procedure of the territory, and that it was not suspended or superseded by the constitution or the schedule, and, the’obligation sued upon being one for the use of the county, its force and effect were unaltered by the change from a territorial to *689 a state form of government, and the form of procedure is unchanged. Tire counties of the territory were declared to be counties of the state, (article 12, § 1,) and there ■was no change in the system of county government by the transition from the territorial to the state government. The county of Sweetwater in the territory, of Wyoming is the same countyin this state. Her officers were the same, and were subject to the same rights, duties, and liabilities as before. The county could sue in the corporate capacity by its board of county commissioners as well as before, and it has done so in this suit. It was never intended that the bonds of county officials under our law’s should passover to the custody of the state, as provided for bonds in existence by a strict construction of section 5 of article 21, or be “prosecuted in the name of the state, ”as the section of the Code (2383) provided for a different method of procedure on the part of the counties, dispensing with the necessity of suing in the name of the state for the party beneficially interested. The official bonds of all county officers remained in the same custody as before the adoption of the constitution, after that instrument went into effect, July 10, 1890, and that was with the exception of the bonds of the several county commissioners lodged with the county clerk. While there may be, and doubtless is, a necessity to sue in the name of the state in a suit on the bond of territorial officers and other bonds besides those of county officers, there is no such necessity in a suit upon the official bond of a county officer. It follows, therefore, that the county of Sweetwater may sue in its corporate name, in the name of its board of county commissioners, on this bond, — that of the tax collector of such county; and hence the first ground of demurrer should have been overruled by the court below.
As to the second ground of the demurrer, that the petition does not state or contain facts sufficient to constitute a cause of action, it must be said that no objection is made to the form of the petition or of the bond sued upon. So it is unnecessary to set forth either at length. The petition shows that the board of tho' county commissioners required the defendant Young to give bonds to the amount of $40,000in addition to the bonds already given by him as tax collector of the county; that being 1% times the amount of taxes collected and revenues coming into his hands. ' This was done under the authority of the following statute, (Rev. St. § 1910:) “The several boards of county commissioners of this territory, at any regular or special meeting, shall have power, by an order entered of record, to require any county officer, whose duty it is to receive any of the revenues of the county, to give bonds w'ith sufficient sureties to the people of the territory of Wyoming, conditioned as now required bylaw, in the penal sum of one and one-fourth times the amount of taxes collected, or revenues of any kind, coming into his hands as such officer.” The bond in question is for the penal sum of $5,000, as part of the bonds to make up the amount required. The petition does not show that other bonds were or were not given. Defendants in error claim that it is necessary to the cause of action on this bond that the additional bonds should have been given, and necessary to the statement of the cause of action that it should be alleged that they were given. The reason assigned for this in the brief of counsel is that the defendant in error Morris, if compelled to pay any sum on this bond, would then be entitled to contribution from the other bondsmen. If as a matter of fact the other bonds were not given, and if that fact is sufficient of itself to defeat this action, it is a matter of defense to be pleaded and proven, and not a matter of demurrer. We do not say that such a defense would be sufficient. No single authority has been cited to that effect. It is perhaps not a violent or unauthorized presumption that no such authorities can be cited. If such a defense be an available one, it would seem that it must be on the ground that the board of commissioners, in requiring Young to furnish bonds in the sum of $40,000, made a contract or agreement or promise or representation with or to the surety, Morris, that his principal, Young, could and would furnish the additional bonds, and that Morris should be liable only on condition that the additional bonds’Avere furnished. No such condition appears in the bond. We are not prepared to say that such is the law, or that it is competent for any court to vary so materially the expressed conditions of the bond sued upon in this action. The right of contribution could exist only in case the other bonds were given with other sureties. There is nothing in this record to show that there was any representation by the *691 Board of commissioners that other sureties would be required. So far as appears, it may well be the fact that defendant ih error Morris was the only surety offered or required, and the bond in this suit the only bond actually taken or required, with the amount reduced to accommodate the principal and suret5’_, or because it was concluded to be sufficient, in connection with the bond for $15,000 already given at the time of the induction of the principal, Young, into office. Accepting an official bond in less than the statutory amount does not invalidate the bond. Grimes v. Butler, 1 Bibb, 192. The court below erred in sustaining the demurrer on the second ground. The judgment of the district court of Sweetwater county is reversed, and the cause is I’emanded for further proceedings in accordance with this opinion.
Gjkoesbeck, C. J'., and Conaway, J., concur.