THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY
OF PHILLIPS, PLAINTIFF IN ERROR, v. CHURNING, DE-
FENDANT IN ERROR.

1. COUNTIES—NAME BY WHICH SUED.
It is provided by statute that the name in which a county shall sue
    or be sued shall be "The Board of County Commissioners of the
    County of————."
2. SAME.
The right to sue a county is purely statutory, and the mode of institut-
    ing the suit prescribed by statute must be strictly followed.   There
    being no authority to sue a county by any name than that designat-
    ·ed by statute, a judgment against it by any other is a nullity.
3. SAME.
A writ of error sued out by a county in its proper name to reverse a
    judgment against it by another name will be dismissed.

*Error to the County Court of Phillips County.*

Messrs. O'NEILL & ALLEN, for plaintiff in error.

Mr. J. S. BENNETT, and Mr. P. J. DEMPSTER, for defend-
ant in error.

THOMSON, J., delivered the opinion of the court.

Fred C. Churning brought suit against Phillips county, to
recover for certain services alleged to have been rendered by
him, as bailiff, by appointment of the county court of that
county.   Judgment was rendered in his favor.   The county
was sued by the name of "Phillips County, Colorado."   It
was so designated in all the subsequent proceedings, and
judgment was given against it by that name.   The writ of
error was sued out, and a reversal of judgment is sought here,
by "The Board of County Commissioners of the County of
Phillips."   ·

Section 525 of the General Statutes (1883) provides as
follows : "In all suits or proceedings, by or against a county,

the name in which the county shall sue or be sued shall be, the board of county commissioners of the county of———; * * *." A county is a political subdivision of the state for governmental purposes, and, at common law, could neither sue nor be sued. It is only by virtue of statutory enactment that any action can be maintained, either in its behalf, or against it. The right to sue a county being purely statutory, where the mode of instituting the suit is prescribed by statute, it must be strictly followed. *Schuyler Co. v. Mercer Co.*, 4 Gil. 20 ; *Gilman v. Contra Costa Co.*, 8 Cal. 52; note to same case, 68 Am. Dec. 291 ; *Monroe Co. v. Flynt*, 80 Ga. 489; *Rock Island Co. v. Steele*, 31 Ill. 543. We have but one statutory provision concerning the manner in which a suit shall be brought against a county. It must be brought against the board of county commissioners of the county sued. That is the corporate name of the county for the purposes of the suit, and there is no authority to sue it by any other name. In this case the statutory requirement having been disregarded, the judgment is a nullity.

But the plaintiff in error is " The Board of County Commissioners of the County of Phillips." It was not a party to the proceedings below. It cannot, in any way, be affected by the judgment. The statute provides no method for the enforcement of such a judgment; and, neither directly nor remotely, is the plaintiff in error interested in it, or in any disposition which might be made of it. The case is therefore improperly in this court, and the writ of error is dismissed.

*Dismissed.*