[No. 1956.]

The Denver & Rio Grande Railroad Company v. Loveland et al.

1. CORPORATIONS—MISNOMER—AMENDMENTS—PARTIES.

Where there are two existing corporations, one the Denver & Rio Grande Railway Company and the other the Denver & Rio Grande Railroad Company and suit was brought against the former under its corporate name, and service was had upon it and it answered, and during the trial it was developed that the latter corporation should have been sued, it was error to allow an amendment substituting the latter corporation for the former as defendant by changing "Railway" in the corporate name to "Railroad" on the ground that it was a misnomer.

2. PARTIES—SUBSTITUTION OF DEFENDANT—WAIVER.

Where during trial the court erroneously permitted the substitution of another defendant and the substituted defendant appeared and moved for a continuance, the error in making the substitution was waived.

3. PARTIES—SUBSTITUTION OF DEFENDANT—CONTINUANCE.

Where during trial the court permitted the substitution of a different
    corporation as defendant by amendment and the substituted de-
    fendant appeared and asked for a continuance that it might have
    time to prepare and file its answer and procure the attendance of
    material witnesses, it was error to deny the application for contin-
    uance upon the admission by plaintiff that the witnesses if pres-
    ent would testify as alleged in the affidavit for continuance. The
    defendant was entitled to a continuance as of right without a
    showing.

*Appeal from the District Court of Rio Grande County.*

Mr. IRA J. BLOOMFIELD and Messrs. WOLCOTT & VAILE, for appellant.

Mr. H.,E. LUTHE, Mr. C. M. CORLETT and Mr. SYLVES-TER G. WILLIAMS, for appellees.

THOMSON, J.

The appellees brought suit against The Denver & Rio Grande Railway Company to recover damages for the destruction by fire of a building belonging to them, on the line, as stated, of the defendant's road. The loss was alleged to have resulted from the negligence of the defendant. The return upon the summons showed service upon the defendant by the delivery of a copy to its agent. The defendant duly appeared to the suit, and answered, admitting its corporate existence, but denying all the other allegations of the complaint. At the trial, after considerable evidence had been introduced, it appeared from the testimony of one of the witnesses for the plaintiffs that the road, although formerly the property of the defendant, was, at the time of the fire, owned and operated by The Denver & Rio Grande Railroad Company. The plaintiffs thereupon asked leave to amend their complaint so as to make The Denver & Rio Grande Railroad Company the defendant in place of the other, alleging that the appellation "The Denver & Rio Grande Railway Company" was a misnomer. The amendment was allowed, and

the name of the railroad company substituted for that of the railway company.    The Denver & Rio Grande Railroad Company then appeared to the suit by its attorney, who was also the attorney of The Denver & Rio Grande Railway Company, and, down to the allowance of the substitution had acted for it, and moved the court for a continuance of the cause, on the ground of the absence of witnesses whose testimony would be material to its defense ; and also on the ground of its right to make answer, for the preparation of which, time was necessary.    The motion was supported by affidavit.    Upon the admission by counsel for the plaintiffs that the witnesses, if present, would testify as the affidavit alleged, the court denied the application, and, against the substituted defendant's objection, proceeded with the trial.    The verdict was for the plaintiffs, and from the judgment against it which followed, the new defendant appealed.

Numerous errors are alleged, but we shall notice only two, one of which, although not now available to the defendant, is, as the forerunner of the other, a proper subject of introductory and explanatory remark.    The first of these errors is the order allowing the substitution of The Denver & Rio Grande Railroad Company for The Denver & Rio Grande Railway Company, as defendant; and the second, the refusal of the application of the present defendant for a continuance of the cause.

It is insisted for the plaintiffs that the substitution of this defendant for the other was simply an amendment to the complaint, correcting the name of the defendant, and authorized by section 75 of the Code,—the term "railway company," being a misnomer, or incorrect designation of the railroad company.

If the case were, as counsel puts it, the substitution of one name for the other, would be an amendment, and a very proper amendment.    If the right party is sued by a wrong name, and service of process is had upon him, the true name may be substituted for the other, by way of amendment.    But, if one person is sued and brought into court, there can be no legal

substitution of another for him, and a substitution, if made, would not be an amendment.

In this case there was no misnomer. The Denver & Rio Grande Railway Company was a corporation, capable of suing, and being sued. An action was brought against it by its own proper name. According to the record, service was had upon it, and, according to the record, service was not had upon the other corporation. The railway company appeared and answered, but there was no appearance for the railroad company. Each corporation was a legal entity, as distinct from the other as John Doe from Richard Roe. A suit against one was a matter of no concern to the other, and could not, without the other's consent, be converted into a suit against it.

But counsel says that "way" is synonymous with "road"; that a railway is a railroad; and that, therefore, The Denver & Rio Grande Railway Company is The Denver & Rio Grande Railroad Company. If these names did not represent two distinct corporations, the argument might be entitled to attention. We may safely take considerable liberty with hypotheses; but, from a hostile encounter with facts, we are sure to retire worsted. There may be two men named John Way and John Road respectively; but we cannot extinguish the personality of either, or merge the two into one, by saying that "Way" means "Road." A railway is undoubtedly, a railroad; but, nevertheless, The Denver & Rio Grande Railway Company is not The Denver & Rio Grande Railroad Company. In allowing the commencement of a new suit, by an exchange of defendants, the court erred grossly. *Little v. Water Company*, 9 Nev. 317.

But the present defendant waived the error by entering its appearance to the action; and we have discussed the question of the alleged amendment thus elaborately for the purpose of imparting emphasis to the erroneous character of the next ruling. When the railroad company entered its appearance, its relation to the suit was precisely the same as if it had been brought into court by summons then served; and the court

could not legally, in one case any more than the other, force it summarily into a trial. It was entitled to time to prepare and file its answer, and to procure the attendance of its witnesses, or their depositions if they were without the jurisdiction of the court. To secure the proper time, required no affidavit, and no formal motion. The very fact that this defendant was then, for the first time, in the case, made it the duty of the court without application, to continue the suit, and fix a reasonable time for answer. But the court, against the defendant's objection, and in denial of its request, not only forced it at once into trial, but forced it into the concluding part of a trial which had been commenced and conducted at considerable length against another party, and undertook to bind it by testimony given in a different cause.

Let the judgment be reversed.

*Reversed.*