THE UNION PACIFIC RAILROAD COMPANY *et al.* v. THE
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY
OF SALINE.

No. 13,516. ( 76 Pac. 865.)

SYLLABUS BY THE COURT.

ACTION AGAINST A COUNTY — *Misnomer Waived — County Held
to be Bound by the Judgment.* An action involving the inter-
ests of a county was brought against three persons designated as
county commissioners of the county, instead of suing them as a
board of county commissioners. The wrongs complained of in
the petition and sought to be enjoined were charged to have been
committed by the county through its duly constituted officers.
No objection was made because of the misnomer, and the case
was tried as if the board were in court asserting the rights of the
county, and in subsequent pleadings and proceedings in the case
the commissioners were described as the "board of county com-
missioners" of the county, and judgment was rendered against the
commissioners as a board. *Held,* that the county was a party to
the action and is bound by the judgment rendered.

Error from Saline district court; R. F. THOMPSON,
judge. Opinion filed May 7, 1904. Reversed.

*N. H. Loomis, R. W. Blair,* and *H. A. Scandrett,* for
plaintiffs in error.

*C. W. Burch,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by
the board of county commissioners of Saline county
to enjoin the Union Pacific Railroad Company from
excavating a ditch in, or interfering with the use of,
an alleged highway. In 1870 proceedings were had
toward the laying-out of a highway along, and within
fifty feet of, the Union Pacific railroad track, and the
roadway has been improved and used since that time.
The railroad company contended that the road was

not legally established; that it was upon its right of way, which extended 200 feet on each side of the railroad track; that the public had acquired no right to use any portion of the right of way for a highway; and finally it was averred that in 1890 the claims of the respective parties to this litigation had been fully and finally determined in a prior action. In the present case the court found and decided that the alleged highway was on the right of way of the railroad company; that the proceedings had before the board of county commissioners in 1870 toward the establishment of a highway were absolutely void; that a highway had not been acquired or established over the right of way by prescription; that the issues in the present action were the same as those in the prior action, but that the county was not then properly brought into court, and was therefore not bound by the judgment then rendered; and, finally, that the railroad company was estopped from asserting that the roadway was not a public highway.

Each party complains of adverse rulings, but the question of *res judicata* is controlling, and the only one that requires consideration. The former litigation as to the roadway in question was begun in the district court of Saline county in 1889, and final judgment was rendered October 22, 1890. In the entry of judgment then made it was recited that the railroad company was entitled to a perpetual injunction against the county commissioners of the county and the township officers from entering upon the company's right of way, or laying out the highway in question, and it was adjudged and decreed that they be perpetually enjoined from doing so, or in any way interfering with the railroad company in the exclusive use of its right of way over which the roadway had been laid out.

The jurisdiction of the court rendering that judgment is unquestioned, and, as the trial court found the issues in that proceeding to be identical with those submitted in the present one, the only remaining condition essential to a judgment by estoppel is the identity of parties; that is, whether the county of Saline was a party to, and bound by, the judgment then rendered.

The petition in the first action was entitled "The Union Pacific Railway Company, plaintiff, v. John W. Burke, Taylor Miller, and P. Swedlund, county commissioners of Saline county, Kansas, Peter Soldan, township trustee of Spring Creek township, and John O. Lundquist, road overseer of district No. 4 of Spring Creek township, defendants." Among other things, it was alleged in the petition that the county of Saline, through its duly constituted officers, and the township of Spring Creek, through its duly constituted officers, had entered upon, and were laying out, repairing and building a highway over, the right of way of the railroad in violation of the rights of the railroad company, and it was asked that they be enjoined from so doing. Upon this petition a temporary order was issued restraining the defendants from continuing the work. A summons was issued to Burke, Miller, and Swedlund, as county commissioners of Saline county, and was duly served on them. In behalf of the county the county attorney filed a motion to dismiss the action, alleging that the court had no jurisdiction because the highway was a state road and no notice of the action had been given to the state officers. In the caption of the motion the county attorney described the defendants as "The board of county commissioners of Saline county, Kansas," and he signed it as "county attorney."

The defendants filed an answer, which bore the same title as the petition, in which it was admitted that Burke, Miller and Swedlund were the acting county commissioners of Saline county, and it also contained averments as to the claims and defenses of the county with respect to the establishment and existence of a highway. It was signed by E. W. Blair "as attorney for defendants." A demurrer to the answer was filed which was entitled "The Union Pacific Railway Company v. The Board of County Commissioners of Saline County et al." An order was made overruling the demurrer and giving judgment for the railway company, which was approved by E. W. Blair as "county attorney and attorney for defendants." Later, and in October, 1890, the case came before the court again, and a supplemental entry of judgment was made. It was entitled "The Union Pacific Railway Company v. The Board of County Commissioners of Saline County et al.," and in it the defendants were perpetually enjoined from using the highway. This entry was also signed by E. W. Blair as "county attorney of Saline county, Kansas."

In the first pleading, as in some of the other proceedings, the technical corporate name of the county was not used, and the process was not served on the county clerk as the statute requires. The county should have been sued as "The board of county commissioners of the county of Saline." Instead of impleading the defendants as a board of county commissioners, the commissioners constituting the board were named. The county commissioners, however, were sued in their official capacities, and no complaint was made against them as individuals. The wrongs complained of in the petition and sought to be enjoined were charged to have been committed by the

county through its duly-constituted officers, and it was the county commissioners and their successors in office against whom judgment was asked. The averments proceeded on the theory that the action was against the commissioners as a board, and the only defect in the name was the omission of the word "board" and the substitution of the names of those constituting the board. Instead of raising in a proper way the question whether the county had been sued in its correct corporate name, the county commissioners, as well as the county attorney, answered to the merits and tried the case upon the theory that the board was in court, asserting the rights, and protecting the interests, of the county. This is illustrated not only by the substantive averments in their answer but also by the fact that when the commissioners appeared and moved for a dismissal of the proceeding because the state had not been brought into court, they called themselves "The board of county commissioners of Saline county," and the motion was signed by the legal representative of the county as "county attorney." The demurrer to the answer, the pleading upon which judgment was entered, designated the commissioners as a board in its caption, and the final judgment not only described the defendants as a "board of county commissioners," but actually enjoined the commissioners as a board, and this form of entry the county attorney expressly approved. The issue was one affecting the county, the officers charged with the duty of representing the county in its litigation appeared and presented that issue to the court, and the result was a judgment against the county. It is too late to say that the misnomer of the defendant in some of the pleadings nullified the judgment or relieved the county from its effect. If such a defect were

relied on, advantage should have been taken of it at the beginning, but where a party ignores it and tries the case out as if the correct name were used the defect is waived and the judgment is binding. The use of the proper name of the county in the later proceedings, including the judgment, in effect amended the pleadings as to the name, or, at least, warranted the court in treating them as amended.

In *School District v. Griner*, 8 Kan. 224, the correct corporate name of the district was not used, and advantage of the defect was attempted to be taken by an objection to testimony. The court, however, held that the filing of an answer to the merits without raising the defect of misnomer was a waiver, and it was too late to take advantage of it by an objection to the admission of testimony.

In the case of *Bank v. Haskell County*, 61 Kan. 785, 60 Pac. 1062, the claim was that an order was not binding upon the county because it was not correctly named as a party to the litigation. In the action the board of county commissioners was not at first properly and formally made a party to the case, and the board, after fighting the case to a conclusion, undertook to take advantage of the defect. Upon this claim it was remarked :

"The board of county commissioners throughout the litigation was the real party in interest. It was not at first made a party upon the pleadings, but subsequently was made such, and in fact it appeared so at all times by the county attorney, although the case was at first entitled in the name of the state of Kansas and subsequently in that of the county treasurer. The case was not nominally entitled in the name of the board of county commissioners as plaintiff, but the interests involved were the interests of the county, and, as such, have been most diligently and pertinaciously defended by the board of commissioners, the

county treasurer, and the county attorney. It is too late now for the board of commissioners to interpose the objection that it is not and has not been in court to answer the contentions of the Bank of Santa Fe for the possession of the property in dispute.''

(See, also, *Thacher & Stephens v. Comm'rs of Jefferson Co.*, 13 Kan. 182; *School District v. Carson*, 10 id. 238; *Hoffield v. Board of Education*, 33 id. 644, 7 Pac. 216; *Weaver v. Young*, 37 id. 70, 14 Pac. 458; *Commissioners v. Bank of Commerce*, 97 U. S. 374, 24 L. Ed. 1060.)

It must be held that the county was a party to the former proceeding and is bound by the judgment then rendered. The issues involved having been directly adjudicated against the contentions of the county, they cannot be reopened or relitigated in the same or any other tribunal.

It follows that the judgment of the district court must be reversed, and the cause remanded with directions to enter judgment in favor of plaintiff in error.

All the Justices concurring.

BURCH, J., not sitting.