[No. 3647.]

Del Monte Live Stock Co. et al. v. The Board of County Commissioners of Chaffee County.

1. Appeals—*Practice*—*Injunction.* Where, upon a sufficient bill, application is made in the district court for injunction, and is refused, such application may be renewed and the injunction allowed in the court of review.

The supreme court may, under the statute (Mills' Code, sec. 398, Rev. Code, sec. 433, Laws 1911, c. 6, sec. 18), award final judgment. Additional averments or evidence are not to be introduced.

2. Injunction—*Proceeding to Open Public Road.* Where an attempt is made to open a public road through private property, without substantial compliance with the requirements of the statute, without affording the property owner opportunity to be heard, and without compensation made or offered, for the injury occasioned, an injunction will be awarded.

3. —— *Irreparable Injury,* does not necessarily import an injury of such character as to be beyond the possibility of compensation in damages, or even that it must be very great. That no damage in fact can

be proven often furnishes the very best reason why equity should interfere, *e. g.*, where the injury complained of is a continuous one.

4. —— *Obstruction of Private Way.* An injunction allowed to restrain the opening of a public road, without compliance with the requirements of the statute, where the effect was to obstruct a private lane by which the live stock of complainant had long been wont to go to the watering place.

5. Parties—*Defect in—Misnomer—Waiver.* A defect of parties must be raised by demurrer or answer; otherwise the objection is waived. Three persons were named as defendants, with the addition "the board of county commissioners" of a county named. Throughout the proceedings in the court below all parties treated the board of county commissioners as the defendant. *Held* that the county commissioners were bound by the proceeding, and by any order or decree that might be properly made in the court of review.

*Appeal from Chaffee District Court.* Hon. Lee Champion, Judge.

Messrs. William B. Tebbetts, Herbert M. Munroe and George D. Williams, for appellants.

Mr. Wallace Schoolfield, for appellees.

Bell, J.

This action comes before us on an appeal from an order and judgment made by the district court of Chaffee county, Colorado, denying the right of the appellants to a perpetual injunction and dismissing the action. The complaint alleges, among many other things, that on or about the 3rd day of March, 1908, a petition was presented to the appellees, as county commissioners of the county of Chaffee, praying that a county road be laid out and established along a certain course or route, therein described, which ran through certain lands and premises of the appellants; and on or about the 6th day of April, 1908, the appellees, at a special meeting, entered, on said petition, an order appointing road viewers, and did appoint road viewers, to view the road described in said petition, and directed said viewers to meet at 10 o'clock

a. m. of May 9th, 1908, and to mark out said road, to assess the benefits and damages accruing to all persons affected by reason of the laying out of same, to award damages to all persons, in excess of the benefits accruing to him or them, a sum equal to such excess, and to report to the appellees their acts and doings in the premises; that on or about the 15th day of May, 1908, after having met and viewed said proposed road, the viewers filed in the office of the county clerk and recorder of said county a report in writing of their view, and recommended that said road run along a certain course or route mentioned and described in said report; that prior to the first Monday of July, 1908, which was the date of the next regular meeting of said board of county commissioners, the appellants conferred with the various members of said board and protested to the individual members thereof against the opening of said proposed road, and was assured and advised by said individual members that no further action would be taken in the matter; that, however, on the first Monday of April, 1909, appellees, without notice to the appellants or either of them, acted favorably on the proposed road, as far as reported upon, but authorized and directed said viewers to complete their view of said road and make further report thereon with all convenient speed; that on or about the 30th day of August, 1909, said viewers filed an additional and amended report, recommending the establishment of a road along a course or route mentioned and described in said amended report, which report was approved by the appellees on the 7th day of September, 1909, and said road ordered opened as a public road or highway of said county, and, in compliance with said order, notices were posted in three public places that said road would be opened for public use from and after sixty days from the date of said notice; that the road recommended in the amended report was wholly different from that mentioned and described in the petition,

and also from that recommended in the original report of the viewers; that the opening of said new proposed road would embrace a large amount of land owned by the appellants; that the amended and additional report of said viewers does not show that said viewers viewed the property of the appellants, or either of them, over and across which said new proposed road runs; that said viewers in making said report did not allow any damages whatever to said appellants or either of them for the land proposed to be taken, and the report so made does not show that the rights of said appellants or either of them were considered, or that the damages or benefits accruing to them or either of them were in any manner assessed or determined; that said appellants had no actual notice of the action of said commissioners or of said viewers in their efforts or proceedings to take, condemn or appropriate the lands of the appellants or either of them for the purpose of establishing said proposed road, and have never been given an opportunity to be heard respecting the damages that might be sustained by them in the opening of said road; that, notwithstanding the order of said commissioners made on or about the 7th day of September, 1909, no further action has been taken to this date, January 25th, 1910, by said commissioners, or others, toward the opening of said proposed new road, but the appellants are informed and believe that the appellees are contemplating such opening during the month of February, 1910, and will so open it if not enjoined by the court; that great and irreparable injury would be done to the appellants if said road was opened, and they, therefore, prayed the order and decree of the court perpetually enjoining and restraining said appellees, and their successors in office, from opening and establishing the public highway provided for in the order of the commissioners made on September 7th, 1909. The complaint was filed February 11th, 1910. On the 2nd of April, 1910, the appellants made an

application for a temporary injunction, which was resisted by the appellees, and upon that day the court denied the temporary injunction, and held that the only relief sought in the action was a perpetual injunction and, therefore, dismissed the action; to which ruling the appellants excepted and took an appeal to the supreme court. The appellants applied to the district court for a temporary injunction pending the appeal, which was also denied; and, on May 2nd, 1910, filed their petition in the supreme court for a temporary injunction and general relief. On May 3rd, 1910, the supreme court issued a temporary injunction, and further ordered that the appellees, on the 23rd day of May, 1910, at 10 o'clock a. m., show cause, if any they had, why an order of said court should not be made permanently restraining and enjoining the appellees from doing the things temporarily restrained as aforesaid. On June 6th, 1910, appellees filed an answer in the supreme court, and divers affidavits in support thereof, all of which were, on November 10th, 1910, stricken from the files because said answer raised issues of fact which were not raised in the district court. On June 24th, 1910, appellants moved for a permanent injunction in accordance with the prayer of their petition. On July 2nd and August 27th, 1910, appellees filed a brief and reply brief, which are confined largely to matters raised in the answer and affidavits in support thereof, which, since their filing, have been stricken from the record, and thus leaves the matters stated in the complaint as confessed. That part of appellees' brief which is pertinent to the record, as we are to consider it, charges that the complaint is without equity, and does not state facts sufficient to constitute a cause of action; that the supreme court has no jurisdiction of the cause; and that there is no defendant herein against whom a writ might issue.

We think the complaint, taken as confessed, states a cause of action, and the chief justice of the supreme court

must have so thought when the temporary injunction was issued and when the order was made requiring the appellees to show cause why the writ should not be made permanent.

"Where the power of eminent domain has been delegated to public officers or others who are threatening to make a permanent appropriation of private property to public uses, in excess of the power granted or without complying with the conditions upon which the right to make the appropriation is given, a court of equity will prevent the threatened wrong without regard to the question of irreparable damages or the existence of legal remedies which may afford a money compensation."— Lewis on Eminent Domain, 2nd vol., 2nd ed., page 1356, sec. 632; *Browning v. Camden & Amboy R. R. Co.*, 4 N. J. Eq., 47-57; *Bass v. Metropolitan Co.*, 82 Fed., 857, 27 C. C. A., 147, 39 L. R. A., 711.

Counsel for appellees vigorously urges that both the statutory and general remedy for damages are open to appellants, and that no great or irreparable injury will be done if the writ is denied.

In addition to taking the land, apparently without due process of law, the complaint shows that the appellants are engaged in the cattle business, and use the premises crossed by the proposed road for pasturing cattle; and have a private lane or roadway connecting said premises with the South Arkansas river as the only source of water supply for said cattle at certain seasons of the year, and if said road should be laid out as ordered by the appellees, it would deprive the Del Monte Live Stock Company, one of said appellants, of the use and benefit of said private lane for the purpose for which it was purchased by said company, and for the purpose for which it had been continuously used by said company since the year 1885.

In Elliott on Roads and Streets, 2nd ed., page 714, sec. 665, it is held that:

"It (irreparable injury) does not necessarily mean, as used in the law of injunctions, that the injury is be-yond the possibility of compensation in damages, nor that it must be very great. And the fact that no actual damages can be proven, so that in an action at law the jury could award nominal damages only, often furnishes the very best reason why a court of equity should interfere in a case where the nuisance is a continuous one."

This proposition is also supported in *Newell et al. v. Sass,* 142 Ill., 116, 31 N. E., 176, which further holds:

"That an injunction will lie to prevent obstruction to a private way on the ground that the party has no adequate remedy at law."

See also *McCann et al. v. Day,* 57 Ill., 101.

In Lewis on Eminent Domain, 2nd ed., 2nd vol., page 1351, sec. 631, it is stated that:

"It is said to be almost universally held that an entry upon private property under the color of the eminent domain power will be enjoined until the right to make such entry has been perfected by a full compliance with the constitution and the laws."

*Chicago & Atchison Bridge Co. v. Pacific Mutual Tel. Co.,* 36 Kan., 113, 12 Pac., 535; *Mettler v. Easton & Amboy R. R. Co.,* 25 N. J. Eq., 214.

It is also contended that the supreme court has no original jurisdiction to entertain an application for an injunction in a case like this, unless presented in the same manner and upon the same facts as it was submitted to the court below.

According to the record before us, as we are to consider it, the case has been so submitted. It is well settled in our supreme court that appealed cases must be based upon matters contained in the record. It is not a trial *de novo;* additional averments, or evidence, or *ex parte*

matters cannot be introduced.—*Luthe v. Luthe,* 12 Colo., 430-431, 21 Pac., 467; *German Nat. Bank v. Elwood,* 16 Colo., 244-246, 27 Pac., 705.

We do not understand that the application to the supreme court for the injunction comes within the purview of section 3, article 6 of the constitution, as contended by the appellees. The record shows that an application was made in the court below for a temporary injunction, which was denied; then the court held in effect that, as the only permanent relief sought in the complaint was a perpetual injunction, or making the temporary injunction perpetual, the action should be, and was, dismissed. The appellants appealed to the supreme court, and applied to the court below for a temporary injunction pending the appeal, which was also denied; then the appellants applied to the supreme court for a temporary injunction, which was granted, and an order was issued on the appellees to show cause why the writ should not be made permanent. We gather from the record that it was the purpose of the supreme court and the parties to the action to have a final judgment rendered in the matter in that court, which is authorized under section 398, page 707, Mills' Annotated Code, which reads as follows:

"In all cases of appeals and writs of error, the supreme court may give final judgment and issue execution, or remand the cause to the lower court, in order that execution may be there issued."

The appellees further insist that there is no defendant in this cause against whom a writ might issue.

The suit is brought against "Thomas Ryan, J. A. Burnett and C. L. Nachtrieb, constituting and being the board of county commissioners of the county of Chaffee in the state of Colorado." Section 778, page 746, 1st Mills' Annotated Statutes, provides that the proper title for suits against a county is "The board of county commissioners of the county of ........" The title stated in this case is technically insufficient, and if the appellees

had objected in the court below and properly preserved their objection in the record, then they could have the point properly considered here. However, the order appealed from is properly entitled "The board of county commissioners of Chaffee county, Colorado, defendants," and the final order states that Wallace Schoolfield, Esq., appeared for "The board of county commissioners of Chaffee county, Colorado, defendants," and it appears throughout the record that the parties plaintiffs, defendants, andd the court below treated "Thomas Ryan, J. A. Burnett and C. L. Nachtrieb, constituting and being the board of county commissioners of Chaffee county, Colorado, defendants," and "The board of county commissioners of the county of Chaffee" as synonymous terms, and all parties understood and treated the appellees as "The board of county commissioners of the county of Chaffee;" and, the appellees not having raised any question as to the proper entitling of the case, and having appeared for "the board of county commissioners of the county of Chaffee" and defended in the court below and in the supreme court, this court should, and does, hold that "the board of county commissioners of the county of Chaffee of the state of Colorado, defendants," are bound by these proceedings and by any order or decree of the court that may properly be made herein.

"A defect of parties must be raised either by demurrer or answer, and if not so raised it is waived."

*Fitzgerald v. Burke,* 14 Colo., 559-562, 23 Pac., 993; *Great West Min. Co. v. Woodmas of Alston Min. Co.,* 12 Colo., 46, 20 Pac., 771, 13 Am. St., 204; *Poundstone v. Holt,* 5 Colo. App., 66-69, 37 Pac., 35; *Miller v. Kinsel,* 20 Colo. App., 346-349, 78 Pac., 1075; sections 50, 54 and 55, Mills' Annotated Code.

In this case no defect of parties has been raised by answer or demurrer, or at all, except by suggestion in brief of counsel in the supreme court, which is wholly in-

sufficient; though defects do occur which should have been corrected if properly raised.

Section 5838, Revised Statutes of 1908, requires viewers to assess the damages and benefits to owners of any land over which a proposed road may pass. Section 5842, of said statutes, requires the viewers to file a report with the county clerk ten days before the next regular meeting of the board of county commissioners held after the view is completed, giving a description of the land, an assessment of the damages and benefits accruing to any person, and the sum awarded to any person in excess of the benefits, with a plat, survey and a report of the surveyor. Section 5843 of said statutes requires the board of commissioners, at their next regular meeting after the return of said report, to consider the same and all objections that may be made thereto, and to determine whether or not said road shall be established and opened to travel, with permission to such board of commissioners to refer the matter of viewing to the same or other viewers with instructions to report in like manner, or specially upon some particular matter.

As private property can be taken for public use against the consent of the owner only in such cases and by such proceedings as may be specially provided by law, and these proceedings are not according to the common law and are in derogation of private rights, and as they wholly depend upon statute regulation in this state, anyone using this extraordinary and harsh power must substantially, at least, comply with all the provisions of the statute; and we think, under the allegations in the complaint, that there has not been a substantial compliance such as we think is necessary to justify the board of county commissioners of the county of Chaffee to proceed with the opening of said road; and, therefore, it is ordered and decreed by the court that said board of county commissioners of the county of Chaffee should be

restrained and perpetually enjoined from opening the road or roads described in the complaint under the proceedings heretofore had and taken in the premises; that the judgment of said district court dismissing the action should be and is hereby reversed and held for naught, and this cause is remanded to said district court with directions to issue a perpetual injunction against the board of county commissioners of the county of Chaffee permanently restraining said board and its successors in office from opening any road or roads through the premises of the appellants as mentioned or described in the complaint, on any of the proceedings heretofore had in this action; and that the costs of the appellants be taxed against said board of county commissioners of the county of Chaffee.