## No. 13,400.

### John Deere Plow Company v. County of Phillips.
(48 P. [2d] 793)

Decided May 6, 1935.

Mr. Edward V. Dunklee, Mr. W. Mabry King, for plaintiff in error.

Mr. Ben L. Garmon, for defendant in error.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

An action to recover taxes paid under protest. Judgment of dismissal entered and the taxpayer assigns error.

The proceeding was against "The County of Phillips, State of Colorado." An action so brought is not maintainable. "In all suits or proceedings, by or against a county, the name in which the county shall sue or be sued shall be, the board of county commissioners of the county of..............." C. L. 1921, §8662. Even had the taxpayer been successful below its judgment would have been unavailing. *Board of County Commissioners v. Churning,* 4 Colo. App. 321, 35 Pac. 918. "We have but one statutory provision concerning the manner in which a suit shall be brought against a county. It must be brought against the board of county commissioners of the county sued. That is the corporate name of the county for the purposes of the suit, and there is no authority to sue it by any other name. In this case the statutory requirement having been disregarded, the judgment is a nullity." *Id.* See, also, *Board of Com'rs Sweetwater County v. Young,* 3 Wyo. 684, 29 Pac. 1002; *County of Rock Island v. Steele,* 31 Ill. 543; 15 C. J. 665, §379; 7 R. C. L. 966, §40.

Let the order be that the judgment is affirmed.

Mr. Chief Justice Butler and Mr. Justice Bouck dissent.

Mr. Chief Justice Butler, dissenting.

A careful consideration of the record and the authorities impels me to dissent from the conclusion reached by a majority of my brethren.

The facts distinguish this case from *Board of County Commissioners v. Churning,* 4 Colo. App. 321, 35 Pac. 918,

cited in the majority opinion. The present action was brought against "The County of Phillips, State of Colorado; Ray E. Crosby, as County Treasurer of Phillips County, State of Colorado, and S. J. Meakins, John Sandquist and R. Claymon, as County Commissioners of the County of Phillips and State of Colorado." An answer on the merits was filed. It recites: "Comes now the County of Phillips, one of the defendants in the above-entitled cause, by Ben L. Garman, County Attorney, and for answer to the plaintiff's complaint alleges and states:" It is verified by Ben L. Garman, as attorney for Phillips county. No objection was made, in the answer or otherwise, to the manner in which the defendants were named. When the case came on for trial Phillips county appeared by Ben L. Garman, its attorney. Mr. King, one of the attorneys for the plaintiff, moved to dismiss the case "as to all the defendants, except the County of Phillips," and it was so ordered. The effect of that order was to dismiss the case as to the county treasurer and as to S. J. Meakins, John Sandquist and R. Claymon, leaving as defendants "The County of Phillips, State of Colorado" and "County Commissioners of the County of Phillips and State of Colorado." It was not necessary to name the County of Phillips as such, the statutory designation of the county for purposes of suit being: "The Board of County Commissioners of the County of Phillips." The failure to insert the words "The Board of" before the words "County Commissioners of the County of Phillips" was a mistake in the name —a typical case of misnomer, which, if called to the attention of the trial court, could, and of course would, have been corrected pursuant to section 81, Code of Civil Procedure, which provides: "The court may * * * amend any pleading or proceeding, adding or striking out the name of any party, or by correcting a mistake in the name of a party * * *."

It was a mere defect which could not possibly affect the substantial rights of the parties, and such defects we are

required by sections 84 and 439 of the Code of Civil Procedure to disregard.

It was a defect the objection to which, at common law, had to be made by plea in abatement, and under the Code must be raised by demurrer when it appears on the face of the complaint, otherwise by answer. If not so made, it is waived. The record does not show any such objection. The case was tried to the court upon a stipulation of facts, which related only to the merits. The record recites that the stipulation was made by "the plaintiff and the defendant, by their attorneys." The opinion of the court deals only with the merits. It is clear beyond the possibility of a doubt that both counsel and the court treated the case as though the county were in court under the proper name. The statute declares that a county shall be "a body corporate and politic, and *as such* shall be empowered * * * to sue and be sued." (Italics are mine.) C. L. §8658. The fourth section farther on (section 8662) prescribes the name in which a county shall sue and be sued. A mistake in the name is a mere misnomer, objection to which must be taken in apt time or it is waived. It is not a fatal defect. It goes not to the substance, but only to the form, and may be corrected by amendment. *Del Monte Live Stock Co. v. Board of County Commissioners,* 24 Colo. App. 340, 133 Pac. 1048; *Union Pacific R. Co. v. Board of Commissioners,* 69 Kan. 278, 76 Pac. 865. Clearly the objection was waived in the present case. The briefs filed herein argue the case fully on the merits. The first and only time the objection was raised was at the close of the answering brief filed in this court. Counsel there makes this suggestion: "Aside from the extent of the tax lien, it appears that any action brought by the plaintiff should have been against the defendant designated as under Section 8662, C. L. Colorado, 1921; Phillips County v. Churning, 4 C. A. 321." That, and nothing more! Counsel for the plaintiff in error ignore the objection entirely. They not only do not argue it, but do not even mention it in their briefs.

In the Churning case, supra, a judgment went against a county, whereupon the board of county commissioners sued out a writ of error. The court held that the board was not a party to the proceeding below and could not be affected by the judgment; and that the case, therefore, was improperly before the appellate court. The writ of error was dismissed. That was sufficient for the purpose of the decision. If the case was improperly before the court, dismissal of the writ of error was the proper disposition of the case. It would seem that in that case a discussion of the validity of the judgment was unnecessary. Nevertheless, in the opinion the court stated, in substance, that there was no authority to sue the county by its name and that the judgment against it was void. Four cases were cited in the opinion in that case. Three of them (one from Illinois, one from California and one from Georgia) did not involve the question of the name in which a county could sue and be sued. The fourth case, *County of Rock Island v. Steele,* 31 Ill. 543, also cited in the majority opinion in the present case, was decided in 1863 under a statute which conferred power upon counties "to sue and be sued *in the manner prescribed by law.*" (Italics are mine.) The statute then prescribed the manner in which a county could sue and be sued. It provided: "All acts and proceedings by and against a county in its corporate capacity shall be in the name of the board of supervisors of such county." It is significant that in section 8658, Compiled Laws, quoted above, the words "In the manner prescribed by law" do not appear. In the Illinois statute the grant of power was coupled with that limitation; whereas in ours the grant is without limitation. In Illinois there was some excuse for holding that failure to sue in the name prescribed by statute was a jurisdictional defect; in Colorado there is none, for here such a defect is a mere misnomer. Moreover, in Colorado section 8658, Compiled Laws, as we have seen, makes counties bodies corporate and politic,

and expressly confers power upon them *as such* to sue and be sued.

The views expressed in the Churning case, supra, concerning the invalidity of the judgment are, it is respectfully submitted, out of harmony with modern judicial thought. That case was decided close to half a century ago, when courts sometimes regarded as fatal defects that today are not so regarded. More and more the tendency is to pay less attention to form and more to substance, to make the former yield to the latter, to aim at substantial justice rather than at technical perfection.

In 1877, in *Moynahan v. People,* 3 Colo. 367, the defendant was charged with the murder of Patrick Fitz Patrick. Upon the trial it appeared that the deceased's name was Patrick Fitzpatrick. He was convicted. The court reversed the conviction, holding that the indictment was fatally defective, saying that the indictment "afforded the prisoner no information as to the person with whose death he is charged."

Four years after the decision in the Churning case, supra, the same judge who wrote the opinion in that case wrote the opinion in *Sullivan v. People,* 6 Colo. App. 458, 41 Pac. 840. There the defendant was charged with having stolen the property of Michael Johnson. At the trial it appeared that the stolen property belonged to Mike Johnson. The defendant was convicted. The Court of Appeals, following *Moynahan v. People, supra,* reversed the judgment, holding that the variance was fatal.

Such decisions, although in accord with holdings in those days, would be, or ought to be, impossible now.

As late as 1901 the Court of Appeals, influenced no doubt by the highly technical attitude of the courts in the Moynahan and Sullivan cases, supra, rendered a decision that it became necessary for this court to overrule in part. The opinion was written by the same judge who wrote the opinion in the Churning case, supra. The case is *Denver & Rio Grande R. Co. v. Loveland,* 16 Colo. App. 146, 64 Pac. 381. In *Denver & Rio Grande R. Co. v. Nu-*

*nez,* 66 Colo. 173, 180 Pac. 78, an action was brought against "The Denver and Rio Grande Rail*way* Company." The evidence showed that that company had long been out of business and had no part in the transaction upon which the action was grounded, and was not served with process, but that The Denver and Rio Grande Rail*road* Company was the owner of the premises, defects in which caused the injury complained of, and was served with process. The plaintiff, over defendant's objection, was permitted to amend by changing "Rail*way*" to "Rail*road.*" Judgment went against the Rail*road* Company and was affirmed. We said:

"* * * the error but a misnomer, properly subject to correction by amendment. *Hernan v. The American Bridge Co.,* 167 Fed. 930, 93 C. C. A. 330.

"True, the record shows service on the Railway Company but the defendant's evidence shows there was none except on the Railroad Company. It was the duty of the court then to correct the record.

"In *Denver and Rio Grande Railroad Company v. Loveland,* 16 Colo. App. 146, 64 Pac. 381, the report of the case does not show that it was made to appear to the court that the service was really on the Railroad Company and not on the Railway Company and the opinion states that there was no misnomer. That case, therefore, can perhaps be distinguished from the present, but, insofar as it cannot it must be regarded as overruled."

In 1913, nineteen years after the decision in the Churning case, supra, our Court of Appeals, in *Del Monte Live Stock Co. v. Board of County Commissioners, supra,* departed from the narrow, hypertechnical attitude displayed in the Churning case and rendered a decision in harmony with modern judicial views on the subject of parties. The court held that the name by which the defendants were designated was "technically insufficient"; that such defect must be raised by either demurrer or answer; that if the defendants (appellees) had objected to the defect in the trial court and properly preserved

their objection in the record they could have the point properly considered in the appellate court. The court said: "In this case no defect of parties has been raised by answer or demurrer, or at all, *except by suggestion in brief of counsel in the supreme court, which is wholly insufficient; though defects do occur which should have been corrected if properly raised.*" (Italics are mine.) The facts differ in some respects from those in the present case, but the principle involved is the same in both cases.

Section 30, article 6, of the Colorado Constitution requires all process to run in the name of "The People of the *State* of Colorado." In *Carnahan v. Pell,* 4 Colo. 190, process, issued after the adoption of the Constitution, ran in the name of "The People of the *Territory* of Colorado." (Italics are mine.) We held that to be not a fatal but an amendable defect.

*Board of Commissioners v. Young,* 3 Wyo. 684, 29 Pac. 1002, is cited in the majority opinion in this case. Suit was brought in the name of "The Board of the County Commissioners of the County of Sweetwater." The defendant did what should have been done here, demurred for defect of parties. It was claimed that The Board of the County Commissioners of the County of Sweetwater was not authorized to bring the suit. The trial court sustained the demurrer, and the supreme court reversed the ruling, holding that the action was brought in the proper name. How that decision aids the majority opinion, I am at a loss to understand.

Now what is the situation disclosed by the record in the case at bar? The county of Phillips received money which in law as well as in equity and good conscience it is not entitled to retain, but should return to the John Deere Plow Company. It put that money into its treasury and refuses to restore it to its rightful owner. Should a recovery be denied because of the hypertechnical objection suggested for the first time in this court, evidently as

an afterthought? The answer, I respectfully submit, should be an emphatic No.

In my opinion, the judgment should be reversed.

MR. JUSTICE BOUCK concurs herein.