# MUSKOGEE COUNTY, OKLAHOMA, v. LANNING & McROBERTS.

No. 5751.  Opinion Filed September 21, 1915.

(151 Pac. 1054.)

1. **ACTIONS BY COUNTY.** It is provided by statute that the name in which a county shall sue or be sued shall be the "Board of County Commissioners of the County of ————."

2. **COUNTIES—Actions—Statutory Right.** The right of a county to sue and be sued is purely statutory, and the mode prescribed by statute for prosecuting such action must be strictly followed.

3. **APPEAL AND ERROR—Appeal by County—Designation of Parties—Dismissal.** An appeal prosecuted in the name of "Muskogee County, Oklahoma," will be dismissed for want of proper

parties plaintiff in error, for the reason that an action cannot be prosecuted by a county in such name.

(Syllabus by Galbraith, C.)

*Error from District Court, Muskogee County; R. P. de Graffenreid, Judge.*

Action by Lanning & McRoberts against Muskogee County, Oklahoma. Judgment for plaintiffs, and defendant brings error. Dismissed.

*W. E. Disney,* Co. Atty., *W. W. Cotton,* and *Francis Stewart,* for plaintiff in error.

*De Roos Bailey, J. E. Wyand,* and *Chas. A. Moon,* for defendants in error.

Opinion by GALBRAITH, C. The defendants in error presented a claim to the board of county commissioners of Muskogee county in the sum of $535, which was disallowed in whole. An appeal was prosecuted to the superior court of that county, and upon a trial judgment was rendered in favor of the defendants in error and against Muskogee county for the amount of the claim, and interest until paid. To review that judgment the cause is brought here by petition in error and case-made.

A motion to dismiss the appeal is presented on the ground that the plaintiff in error is without right to maintain this appeal, and also for want of proper parties plaintiff in error. "Muskogee County, Oklahoma," is the plaintiff in error. The question raised by the motion is whether or not the appeal can be prosecuted in that name; in other words, in what name may a county sue and be sued. Section 320, Williams' Okla. Const., provides that each county in this state now or hereafter organized "shall be a body politic and corporate." Article 1, c. 16, sec. 1497, Rev. Laws 1910, provides:

"Each organized county within the state shall be a body corporate and politic and as such shall be empowered for the following purposes: First. To sue and be sued. * * *"

Section 1500 of this chapter prescribes the corporate name of the county and in what name it may sue and be sued, as follows:

"In all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, 'Board of County Commissioners of the County of ——.' * * *"

At common law a county could neither sue nor be sued. It is only by virtue of statutory or constitutional authority that an action may be maintained either by or against it. A suit by or against a county must be in its corporate name; that is, the name prescribed in the statute or Constitution by which it may sue or be sued. 11 Cyc. P. & P. 607; *Board of County Commisisoners of Phillips County v. Churning,* 4 Colo. App. 321, 35 Pac. 918; *Arnett v. Board of Commissioners of Decatur County,* 75 Ga. 782; *County of Rock Island v. Steele,* 31. Ill. 543; *Wild v. Board of Supervisors of the County of Columbia,* 9 How. Prac. (N. Y.) 315; *Board of Commissioners of Sweetwater County v. Young,* 3 Wyo. 684, 29 Pac. 1002.

In the State of Colorado there is a statute similar to section 1500, Rev. Laws 1910, *supra.* In the Churning Case, 4 Colo. App. 321, 35 Pac. 918, the defendant in error, having a claim against Phillips county, brought suit against it as "Phillips County, Colorado." A judgment was rendered against it. On appeal the writ of error was sued out in the name of "The Board of County Commissioners of Phillips County." The Court of Appeals dis-

missed the appeal on the ground that the judgment against "Phillips County, Colorado," was void, since it was not rendered against the county in its corporate name. It was said:

"The statute provides no method for the enforcement of such a judgment; and neither directly nor remotely is the plaintiff in error interested in it, or in any disposition which might be made of it. The case is therefore improperly in this court, and the writ of error is dismissed."

In the State of Georgia the Constitution provides "that all suits by or against a county shall be in the name of the county." In *Arnett v. Board of County Commissioners of Decatur County*, 75 Ga. 782, the action was not brought against the county in its name as provided by the Constitution, but against the board of commissioners of Decatur county, and the court held that the action was improperly brought; that under the constitutional provision above quoted suits against the county must be brought against it in its name; and that a suit against Decatur county, in the name of the board of commissioners as agents of the county, could not be maintained.

We conclude, from these authorities, that since the statute prescribed the corporate name of the county, a suit can only be prosecuted by it in that name, and therefore "Muskogee County, Oklahoma" cannot prosecute an appeal to this court; that such an appeal can only be prosecuted in the corporate name of said county, to wit, the "Board of County Commissioners of Muskogee County"; that there is no proper plaintiff in error in this cause; and that the motion to dismiss the appeal should therefore be sustained.

By the Court:  It is so ordered.