# CHARLES SMITH v. STATE.

No. 2262. Opinion Filed July 21, 1917.

(166 Pac. 463.)

1. **COUNTIES—Actions by and Against—Statute.** The right of a county to sue and be sued is purely statutory, and the mode prescribed by statute for prosecuting such action must be strictly followed.

2. **SAME—Action by County.** Where it is provided by statute that the action shall be instituted in the "name of the county," reference must be made to section 1500, Rev. Laws 1910, which provides that the name by which a county shall sue shall be "Board of County Commissioners of the County of ————."

3. **COUNTIES—County Officers—Suspension—Temporary Appointment.** Where an accusation is presented to the district court for the removal of a certain county officer upon statutory grounds and asking that such officer be suspended pending the determination of such proceedings, the presiding judge of such court may suspend the accused from exercising the functions of his office, and the board of commissioners may temporarily fill the office by appointment.

4. **CLERKS OF COURTS — Suspension — Temporary · Appointee — Powers.** Where, pursuant to the suspension of the clerk of the district court made in compliance with sections 5605 and 5606, Rev. Laws 1910, a temporary vacancy exists in such office, the board of county commissioners may fill such vacancy by appointment, and the person so appointed, after having duly qualified, may perform all the duties of the office of clerk of the district court required by the statutes of this state during the pendency of such suspension.

5. **INDICTMENT AND INFORMATION—Language of Statute—Embezzlement.** An indictment for embezzlement by a public officer which sets out the acts and facts constituting the embezzlement in the language of the statute, or substantially so, is sufficient.

6. **APPEAL AND ERROR—Reversal—Refusal of Instructions.** Where the testimony of the defendant amounts virtually to a plea of guilty, this court will not reverse a judgment of conviction for failure to give requested instructions unless the action of the trial court deprives the defendant of some constitutional or statutory right, and from an examination of the entire record it clearly appears that there has been a miscarriage of justice.

*Appeal from District Court, Wagoner County;
Fred P. Branson, Judge.*

Charles Smith was convicted of embezzlement, and sentenced to 18 months' imprisonment in the penitentiary, and he appeals. Affirmed.

*Sponsler & Graves,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. It is first contended that the trial court erred in overruling the defendant's motion to set aside the indictment. This contention is grounded upon the claim that one C. M. Bryant, who, in conjunction with the sheriff, assisted in drawing the list of names from the jury box, from which list the grand jury was impaneled which returned the indictment in this case, was not the duly qualified clerk of the district court at the time, and had no authority to act in that capacity. The record shows that the said C. M. Bryant assisted in drawing the grand jury and performed the services required by the clerk under section 3692, Rev. Laws 1910. Counsel for defendant contend that at the time this grand jury was drawn one Harry Blake was the duly elected and qualified clerk of the district court of Wagoner county, and that neither he nor any of his deputies assisted in the drawing. The record does not support the contention.

The record shows that on the 12th day of May, 1913, an accusation charging the said Blake with willful and habitual neglect of the duties of the office of clerk of the said district court and charging other grounds for removal was filed in the district court of Wagoner county by the county attorney of said county asking the removal

of said Blake from such office and for his temporary suspension therefrom in pursuance of a resolution of the board of county commissioners of said county (which appears of record), and that on said date the presiding judge of the court in open court made an order suspending the said Blake from the office of clerk of the district court of that county pending such investigation. Immediately after this order of suspension was made the board of county commissioners of said county appointed the said C. M. Bryant temporarily to fill the vacancy caused by the suspension of Blake, and said Bryant duly qualified and took possession of such office, and was so acting at the time this grand jury was drawn. At that time there had been no revocation of the order suspending Blake, neither had the proceedings for his removal been terminated. Section 5605, Rev. Laws 1910, provides:

"The board of county commissioners may, in the case of any county or township officer, present such accusation and bring an action in the name of the county for the removal of such officer, and the district court shall have exclusive jurisdiction thereof; but if any county commissioner is the party charged, then the county judge and county treasurer shall present such accusation and bring the action. The proceedings, in actions brought under the provisions of this section shall, except as provided in the two next succeeding sections, be as is provided in the preceding sections of this article."

Section 5606, *Id.*, provides:

"When the complaint for removal is filed, if, in addition to the matter charged as ground for removal, the complaint shall also pray that the officer charged be suspended from office pending the investigation, the judge of the court may, if sufficient cause appear from the charge or from the testimony, or affidavits then presented, order the suspension of the accused from the functions

of his office until the determination of the matter. If the order of suspension be made and the court be then in session, the accused shall be entitled to a trial within ten days, if he demands it. If the court be not in session, then the accused shall be entitled to a trial on the first day of the next term. The accused shall have the right to change of judge or to a change of venue, on application to the court, or to the judge if the court be not in session, on making the showing required to change the venue in a criminal case, and if the application be allowed the matter shall be sent for trial to the nearest adjoining county, and in which the objections stated as grounds * * * do not exist, and trial shall be there had at the earliest possible date. But one such change shall be allowed. The accused shall be entitled to continuance, as in other cases. If the accused be not suspended from his office, then the complainant may have a continuance, as in other criminal cases. If a suspension take place, the board of county commissioners may temporarily fill the office by appointment, but if the officer suspended be a county commissioner, then the vacancy shall be filled as in other cases of vacancy in that office."

That such proceedings authorized the district judge to suspend the accused from the office was decided by the Supreme Court of this state in *Maben v. Rosser et al.,* 24 Okla. 588, 102 Pac. 674.

But counsel base their contention that the act of the district judge in making an order of suspension of Blake was void on the proposition that no proper petition was filed praying for the removal of Blake. Without entering into a discussion of whether or not a collateral attack upon the suspension of Blake and the appointment of Bryant may be made in this proceeding, suffice it to say that the position of counsel is untenable. It is based upon the contention that there was no proper party plaintiff in the removal proceeding; the contention being

that, section 5605, *supra,* having provided that "the board of county commissioners may, in the case of any county, or township officer, present such accusation and bring an action in the name of the county for the removal of such officer," etc., it was necessary that the action for removal be styled "Wagoner County, Okla., v. Harry Blake," and not "Board of County Commissioners of Wagoner County, Okla.," as was done. But again counsel are confronted with another adverse decision of the Supreme Court of this state. In *Muskogee County, Okla., v. Lanning and Roberts,* 51 Okla. —, 151 Pac. 1054, it is held:

"It is provided by statute that the name in which a county shall sue or be sued shall be the 'Board of County Commissioners of the County of ——.'

"The right of a county to sue and be sued is purely statutory, and the mode prescribed by statute for prosecuting such action must be strictly followed."

In the body of the opinion it is said:

"A motion to dismiss the appeal is presented on the ground that the plaintiff in error is without right to maintain this appeal, and also for want of proper parties plaintiff in error. 'Muskogee County, Okla.,' is the plaintiff in error. The question raised by the motion is whether or not the appeal can be prosecuted in that name; in other words, in what name may a county sue and be sued. Section 320, Williams' Okla. Const., provides that each county in this state now or hereafter organized 'shall be a body politic and corporate.' Article 1, c. 16, sec. 1497, Rev. Laws 1910, provides: 'Each organized county within the state shall be a body corporate and politic and as such shall be empowered for the following purposes: First. To sue and be sued. * * * * ' Section 1500 of this chapter prescribes the corporate name of the county and in what name it may sue and be sued, as follows: 'In all suits or proceedings by or against a county, the name in which a county shall

sue or be sued shall be, "Board of County Commissioners of the County of ———." * * * '

"At common law a county could neither sue nor be sued. It is only by virtue of statutory or constitutional authority that an action may be maintained either by or against it. A suit by or against a county must be in its corporate name; that is, the name prescribed in the statute or Constitution by which it may sue or be sued. 11 Cyc. P. & P. 607; *Board of County Commissioners of Phillips County v. Churning*, 4 Colo. App. 321, 35 Pac. 918; *Arnett v. Board of County Commissioners of Decatur County*, 75 Ga. 782; *County of Rock Island v. Steele*, 31 Ill. 543; *Wild v. Board of Supervisors of the County of Columbia*, 9 How. Prac. (N. Y.) 315; *Board of Commissioners of Sweetwater County v. Young*, 3 Wyo. 684, 29 Pac. 1002."

We have given more space in this opinion to a decision of the question raised by counsel than the merit of the contention deserved. The trial court did not err in overruling the motion to set aside the indictment.

It is next contended that the indictment is insufficient. The indictment set out the acts and facts constituting the embezzlement substantially in the language of the statute. This was sufficient. *People v. Ward,* 134 Cal. 301, 66 Pac. 372; *People v. Gordon,* 133 Cal. 328, 65 Pac. 747, 85 Am. St. Rep. 174; *People v. Page,* 116 Cal. 386, 48 Pac. 326. The charging part of the indictment is very similar in its allegations to that set out in the opinion of this court in *Ellington v. State,* 7 Okla. Cr. 255, 123 Pac. 186. We deem its allegations sufficient to meet the requirements of our statutes.

It is next contended that the court erred in overruling the defendant's motion for new trial on the ground that the verdict of the jury is contrary to the evidence.

The brief of counsel for plaintiff in error sets out a synopsis of the testimony of the various witnesses and concludes with the statement:

"Therefore we respectfully submit that the record of the evidence in this case shows a material insufficiency to support the verdict."

Nowhere do counsel point out wherein this evidence is insufficient, but leave it to this court to search for lack of proof. We have examined the transcript of the evidence carefully. There is no failure to prove any of the material allegations of the indictment. The evidence is sufficient to sustain the judgment.

It is also contended that the court erred in refusing to give certain instructions requested by the defendant. These instructions related to the questions of the intent of the defendant in embezzling the funds charged in the indictment to have been embezzled by him. The proof showed, both on the part of the state and by the virtual admission of the defendant when a witness, that certain funds had come into his hands by virtue of his office as undersheriff of Wagoner county; that these funds had been fraudulently and unlawfully converted by the defendant to his own use in the face of a specific statute requiring him to turn the same into the treasury of that county. Where such a state of facts is shown to exist, the law itself supplies the fraudulent intent. *State v. Duerksen,* 8 Okla. Cr. 601, 129 Pac. 881, 52 L. R. A. (N. S.) 1013.

The instructions of the court fully covered the law of the case, and where the defendant takes the witness stand and testifies to a state of facts which virtually amounts to a plea of guilty, this court will not reverse a

judgment of conviction on the ground of refusal to give requested instructions or because of inaccuracy in the instructions given, unless by such action the trial court deprived the defendant of some constitutional or statutory right to his substantial prejudice. There was no miscarriage of justice in this case.

Should a retrial of this case be ordered, no honest or intelligent jury could arrive at a verdict different from that here reached.

As was said by this court in *State v. Duerksen, supra:*

"This court declines to approve a rule which places a premium on crookedness. The indiscreet handling of money by those who, by reason of a confidential relationship, come into possession of funds of another and appropriate the same to their own use, is not to be tolerated and the guilty permitted to escape punishment. A man who appropriates to his own use the funds of another received in a trust capacity is no less a thief under the law than one who in the nighttime purloins his money or other personal property and sells the same for his own benefit. Such conduct is to be condemned rather than condoned."

The judgment of the trial court is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.