WHITE STAR BUS LINE, INC., Plaintiff and Appellee., *v.* RUFUS R. LUTZ, CHIEF OF THE INSULAR POLICE ET AL., ETC., Defendants and Appellees.

No. 5336.   Argued March 26, 1934.—Decided June 26, 1934.

*J. Valldejuli,* for the city manager. *Benjamín J. Horton, Attorney General (Charles E. Winter* in the brief) and *T. Torres Pérez, Assistant Attorney General,* for appellant. *Guerra Mondragón & Soldevila* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

▆▆ The appellee raises in his brief the following jurisdictional question:

"The court is not vested with jurisdiction to hear the case.— The judgment roll tells us who have been or are parties in the record: as plaintiff, the White Star Line, Inc.; and as defendants,

originally José Júdice, acting chief of the Insular Police, and Roberto H. Todd, Mayor of San Juan (Judgment Roll, page 1), substituted respectively by Rufus R. Lutz, Chief of the Insular Police (pages 63–65) and by Jesús Benítez Castaño, City Manager (pages 66–70). The notice of appeal was filed and presented in the name of the Government of the Capital (page 95), an entity created and acknowledged by Section 1 of Law No. 99, Sess. Laws of May 15, 1931 (Laws of that year, p. 627), as amended by Law No. 32, Sess. Laws of May 4, 1933 (Laws of that year, p. 255). Said entity had at no time whatsoever been a party to or appeared in this suit.

"It is unnecessary to argue that Jesús Benítez Castaño, City Manager, is not the Government of the Capital, a legal fiction, a creature of the law, with its own and separate legal capacity as provided by the statute creating it. One and the other can not be confused nor can they be mutually substituted. Each one has its independent existence and even its name. Even more so in an action as the instant one, an injunction, against Mr. Jesús Benítez Castaño, the individual, to restrain him from committing acts contrary to the law and without the scope of his authority, because they are based on Ordinances that are null. This action is not directed against the Government of the Capital, which is not a party defendant and in no occasion whatsoever appeared in the suit up to the date when it notified and filed without any right its notice of appeal.

"It can not be alleged that it is an error in the name. The Government of the Capital exists. It is so called. Mr. Jesús Benítez Castaño lives and was sued. He is not known by the alias of Government of the Capital, a name substituting the old one of Municipality of San Juan. It is not, like the case of *Webster* v. *Board of Regents*, 163 Cal. 705, 706–707, that the Government of the Capital has been sued under an erroneous name and that said entity has appealed with its true and correct official designation. The notice of appeal does not state that it is one of the defendants who appeals from the judgment. The Government of the Capital, a foreign party to the proceedings, appeals. If we were to reverse the terms and to imagine that said judicial entity had been sued instead of Mr. Benítez Castaño individually, an appeal taken by the latter would be wholly ineffective: the Municipal Corporation would be bound to use its legal name (*Muskogee County* v. *Lanning & McReynolds*, 51 Okl. 343, 151 P. 1054). There has been no typographical error in the name. It has been decided that in an action

wherein the owners of certain newspapers were interested parties, the notice of appeal should have been made in the name of the owners, not of the newspapers (*Sheldon Mail* v. *O'Brien County Democrat,* (Iowa) 96 N. W. 773)."

In a supplemental brief the defendant first denies the contention of the plaintiff and thereafter sustains that should the appellee be right one must be bound to acknowledge, none the less, that the issue raised "is merely speculative and academic," and that this Court may "order the amendment of the record."

We find in the record that the answer that appears in pages 30A to 44, and the answer to the supplemental complaint that appears from pages 59 to 62, were made by "Roberto H. Todd, Mayor of San Juan, through his attorney." The attorney signs: "Eugenio Font Suárez, for the defendant." The documents were personally sworn to by the defendant.

Upon the request of the plaintiff on February 26, 1932, the defendant "Roberto H. Todd, Mayor of San Juan," was substituted in the action by "Jesús Benítez Castaño, City Manager," provided "that all the judicial proceedings in this case that otherwise would be incumbent on Roberto H. Todd, as Mayor of San Juan, defendant, are to be incumbent in the future upon Jesús Benítez Castaño, City Manager, whom, as substitute defendant, must be notified of the instant order with a copy of the same and of the request that gave rise to it."

On August 26, 1932, final judgment was rendered in this action, which was notified as follows:

"Notification of the Judgment.—To the Hon. Attorney General and to attorney J. Valldejuli, San Juan.

"The undersigned clerk notifies you that the Court of this district has rendered judgment in this case on August 26, 1932 which was duly entered in the corresponding book, as it appears from the record of this case, where you can inform yourself in detail of the provisions of the judgment.

"And since you are or represent the party prejudiced by the judgment, from which an appeal .may be taken, I address to you this written notification, and file a copy of the same, as provided by Section 2 of the law to amend Sections 92, 123, 227 and 229 of the Code of Civil Procedure, approved on May 9, 1911.

"San Juan, P. R., August 30, 1932—(Signed) P. N. Colberg, Clerk of the District Court.

"Notice of Filing: On August 30, 1932 copy is filed of this original remitted to the Attorney General and to J. Valldejuli, San Juan.—(Signed) P. N. Colberg."

It is the first time that the name of Attorney Valldejuli appears on the record, without it being stated whom he represents. After the notification the notice of appeal follows:

"Notice of Appeal.—To the clerk of this Court, to attorneys Guerra Mondragón & Soldevila, who represent the plaintiff, to the Attorney General, who represents codefendant Rufus R. Lutz, Chief of the Insular Police.

"Please be notified by this notice of appeal that the Government of the Capital, feeling aggrieved by the judgment rendered by the District Court of San Juan in the instant case, appeals therefrom to the Supreme Court of Puerto Rico.

"San Juan, P. R., September 8, 1932.—(signed) J. Valldejuli Rodríguez, attorney for the Government of the Capital."

The "Government of the Capital" appeals and Valldejuli signs as "attorney for the Government of the Capital."

And it is on that same date—September 8, 1932—that Valldejuli requests the substitution as follows:

"*First:* That in the instant case the attorney that represented the Municipality of San Juan was Eugenio Font Suárez, who is no longer the attorney for the codefendant Government of the Capital.

"*Second:* That the undersigned attorney has been appointed attorney in the instant action, and he is concerned that this Hon. Court will consider him as an attorney of record for all legal purposes.

"Therefore, appearing party requests this Hon. Court to sustain the instant motion, with the other provisions of the law."

And the Court granted the motion as follows:

"Order.—The instant motion is granted and it is ordered that attorney J. Valldejuli Rodríguez be considered as the attorney of record for the Government of the Capital.

"Issued in San Juan, P. R., September 8, 1932. (Signed) A. R. de Jesús, Judge of the Court.—Filed with the clerk of court to-day, September 8, 1932.—J. N."

The plaintiff's contention is correct. Technically, there is no valid appeal pending in the instant case, and for that reason we are constrained to dismiss the appeal taken by the Government of the Capital, since it was not a party to the action. That is something that can not be amended in this Supreme Court.

The appeal should be dismissed.