WHITE STAR BUS LINE, INC., demandante y apelada, *v.* RUFUS R. LUTZ, JEFE DE LA POLICÍA INSULAR, y JESÚS BENÍTEZ CASTAÑO, ADMINISTRADOR DE LA CAPITAL, demandados y apelantes.

No. 6336.—*Sometido:* Marzo 20, 1934. *Resuelto:* Junio 26, 1934.

*J. Valldejuli,* abogado del Administrador de la Capital; *Hon. Procurador General Benjamin J. Horton (Charles E. Winter,* en el alegato) y *T. Torres Pérez,* Subprocurador, abogados del apelante Sr. Lutz; *Guerra Mondragón & Soldevila,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada suscita en su alegato la siguiente cuestión previa:

"HAY CARENCIA DE JURISDICCIÓN PARA CONOCER DEL RECURSO.—El legajo de la sentencia nos dice quiénes han sido o son partes en estos

autos: como demandante, la White Star Bus Line, Inc.; y como demandados, originalmente José Júdice, Jefe Interino de la Policía Insular y Roberto H. Todd, Alcalde de San Juan (L. de la S., p. 1), respectivamente sustituídos por Rufus R. Lutz, Jefe de la Policía en propiedad (p. 63–65) y por Jesús Benítez Castaño, Administrador de la Capital (p. 66–70). El escrito de apelación se formuló y presentó a nombre del Gobierno de la Capital (p. 95), entidad creada y reconocida por el artículo 1 de la Ley número 99 de 15 de mayo de 1931 (Leyes de ese año, p. 627), según quedó enmendado por la número 32 de 4 de mayo de 1933 (Leyes de ese año, p. 255). Dicha entidad en ningún momento había intervenido ni comparecido en el presente pleito.

"Es innecesario discutir que Jesús Benítez Castaño, Administrador de la Capital, persona natural, no es el Gobierno de la Capital, ficción legal, ente jurídico, con personalidad propia y separada en la esfera del derecho según dispone el estatuto que le dió vida. Uno y otro no pueden confundirse ni recíprocamente sustituirse. Cada cual tiene su existencia, y aun su nombre, independiente. Máxime en una acción como ésta de *injunction*, dirigida contra don Jesús Benítez Castaño, el individuo, para que se abstenga de ejecutar actos contrarios a la ley y fuera de sus atribuciones por estar basados en ordenanzas nulas. El procedimiento no se ha dirigido contra el Gobierno de la Capital, que no es demandado ni en ninguna ocasión se personó en la litis hasta la fecha en que notificó y radicó sin derecho su escrito de apelación.

"No cabe alegar que se trata de un error de nombre. El Gobierno de la Capital existe. Y se llama así. Don Jesús Benítez Castaño vive y fué demandado. No se le conoce con el alias de Gobierno de la Capital, designación que sustituye a la antigua de municipio de San Juan. No es, como en el caso de Webster v. Board of Regents, 163 Cal. 705, 706–707, que se haya demandado al Gobierno de la Capital bajo un nombre equivocado y haya apelado esa entidad con su verdadera y correcta designación oficial. En el escrito de apelación ni siquiera se consigna que sea uno de los demandados quien recurre contra la sentencia. Apela el Gobierno de la Capital, parte extraña al litigio. Si invirtiendo los términos nos imaginamos que se hubiera demandado a aquella persona jurídica y no al Sr. Benítez Castaño individualmente, un recurso por éste entablado sería ineficaz: la corporación municipal tendría que usar el nombre que legalmente tiene (Muskogee County v. Lanning & McRoberts, 51 Okl. 343, 151 Pac. 1054). No ha habido error de copia en el nombre. Se ha re-

suelto que en una acción en que eran partes interesadas los dueños de unos periódicos, el aviso de apelación debió hacerse a nombre de los dueños, no de los periódicos (Sheldon Mail v. O'Brien County Democrat, (Iowa) 96 N. W. 773).''

En un alegato adicional el demandado impugna primero la contención de la demandante y luego sostiene que en el caso de que la parte apelada tuviera razón siempre habría que reconocer que la cuestión suscitada ''es meramente especulativa y académica,'' pudiendo esta corte ''ordenar la corrección de los autos.''

En el récord encontramos que la contestación que figura a las páginas 30A a 44 y la contestación a la demanda complementaria que aparece de las páginas 59 a 62, lo fueron por ''Roberto H. Todd, Alcalde de San Juan, por conducto de su abogado.'' El abogado firma: ''Eugenio Font Suárez, Abogado del demandado.'' Los documentos están jurados personalmente por el demandado.

A solicitud de la demandante, en febrero 26, 1932, el demandado ''Roberto H. Todd, Alcalde de San Juan'' fué sustituído en el pleito por ''Jesús Benítez Castaño, Administrador de la Capital,'' disponiéndose ''que todas las diligencias que de otro modo habrían de entenderse en estos autos con Roberto H. Todd como Alcalde de San Juan demandado se entiendan en lo sucesivo con Jesús Benítez Castaño, Administrador de la Capital, a quien como demandado sustituto se le notificará la presente orden con copia de la misma y de la solicitud que la motivó.''

El 26 de agosto de 1932 se dictó la sentencia resolutoria del pleito que se notificó como sigue:

''NOTIFICACIÓN DE SENTENCIA.—Al Hon. Procurador Gral. y Ledo. J. Valldejuli, San Juan.

''El Secretario que suscribe notifica a usted que la Hon. Corte de este distrito ha dictado sentencia en este caso con fecha 26 de agosto de 1932 que fué debidamente registrada en el libro correspondiente, según consta en el récord de este asunto, donde podrá usted enterarse detalladamente de los términos de dicha sentencia.

"Y, siendo o representando usted la parte perjudicada en la sentencia, por la cual puede establecerse recurso de apelación, dirijo a usted esta notificación escrita, archivando una copia de la misma, de acuerdo con la sección 2 de la ley para enmendar los artículos 92, 123, 227, y 229 del Código de Enjuiciamiento Civil, aprobada en 9 de marzo de 1911.

"San Juan, P. R., a 30 de agosto de 1932.—(Fdo.) P. N. Colberg, Secretario Corte de Distrito.

"NOTA DE ARCHIVO: En agosto 30, 1932, se archiva en autos esta copia y remite el original al Hon. Procurador Gral. y J. Valldejuli San Juan.—(Fdo.) P. N. Colberg."

Es la primera vez que el nombre del abogado Valldejuli aparece en los autos, sin expresarse a quién representa. Sigue a la notificación, el escrito de apelación así:

"ESCRITO DE APELACIÓN.—Al secretario de esta Corte, a los abogados Guerra Mondragón & Soldevila, que representan a la demandante, al Procurador General, que representa al co-demandado Rufus R. Lutz, Jefe de la Policía Insular:

"Sírvanse quedar notificados por el presente escrito de apelación, que el Gobierno de la Capital, no estando conforme con la sentencia dictada por la Corte de Distrito de San Juan en el presente caso, apela de la misma para ante la Corte Suprema de Puerto Rico.

"San Juan, P. R., sept. 8 de 1932.—(Fdo.) J. Valldejuli Rodríguez, Abogado del Gobierno de la Capital."

Apela el "Gobierno de la Capital" y Valldejuli firma como "Abogado del Gobierno de la Capital."

Y es en la misma fecha—septiembre 8, 1932—que Valldejuli pide la sustitución como sigue:

"Primero:—Que en el presente pleito el abogado que representó al Municipio lo fué el Ldo. Eugenio Font Suárez, quien ha dejado de ser abogado del co-demandado Gobierno de la Capital.

"Segundo:—Que el abogado que suscribe ha sido designado abogado en este pleito, e interesa que esta Hon. Corte le tenga como abogado de récord, a todos los efectos legales.

"POR TODO LO CUAL, el compareciente súplica a esta Hon. Corte, se sirva declarar con lugar la presente moción, con los demás pronunciamientos de ley."

78

Y que la corte la decreta en la siguiente forma:

"ORDEN.—Se aprueba la precedente moción, y se ordena se tenga al Lcdo. J. Valldejuli Rodríguez como abogado de récord representando al Gobierno de la Capital.

"Dada en San Juan, P. R., a 8 de sept., 1932. (Fdo.) A. R. de Jesús, Juez de la Corte.—Radicada en Secretaría hoy 8 de sept., 1932.—J. N."

Tiene razón la parte demandante. Técnicamente no existe una apelación válida interpuesta en este caso y en tal virtud nos vemos obligados a decretar la desestimación de la establecida por el Gobierno de la Capital que no era parte en la acción. Es algo que no puede ser corregido en esta Corte Suprema.

*Debe desestimarse el recurso.*