## GREEN CONSTRUCTION CO. v. OKLAHOMA COUNTY et al.

No. 25417.    Oct. 22, 1935.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Lewis R. Morris, Co. Atty., and B. C. Logsdon, Asst. Co. Atty., for defendant in error Board of County Commissioners.

PER CURIAM. This is a suit for a money judgment on an alleged contract. The parties appear here as they appeared in the trial court and will be referred to as they appeared in that court.

The plaintiff alleges it entered into a contract in writing on or about the _____ day

of December, 1931, with the defendant Oklahoma county, by and through the board of county commissioners of said county, for the construction of a bridge; that after the execution of said contract the defendant Oklahoma county, by and through its duly authorized agent, required plaintiff to make some substitutions, and that tne defendants and their duly authorized agent and the inspectors assigned to said project delayed and interfered with the progress of said work, thereby occasioning plaintiff extra costs and expense. The parties appear in the petition as they are shown above.

The praecipe for the issuance of summons filed with the petition requests the issuance of a summons to the defendants so named. The summons was issued according to such direction. The sheriff made two returns on the service of this summons, one showing service on Oklahoma county, Okla., a corporation, by delivering a true and correct copy thereof with all indorsements thereon to B. E. Corrigan, he being the clerk of Oklahoma county, and the other by service on the individual defendants by delivering to each of them personally a true and certified copy of the summons with all indorsements thereon. All of the defendants made default.

The cause came on for trial. The plaintiff appeared by its president, Tom L. Green. The defendants appeared not. A jury was waived and the cause was tried to the court. The minutes of the court show one witness was sworn. The case-made does not set out any evidence. The clerk's certificate shows the case-made contains a full, true, correct, and complete transcript and copy of all the record in this cause. The court found that due and legal service of summons had been made upon the defendant "board of county commissioners of Oklahoma county, Okla.," as required by law. The journal entry of judgment sets out at length the sheriff's return on service on "Oklahoma county, Okla., a corporation." Judgment was entered May 2, 1933, for plaintiff against "the defendant as the board of county commissioners of Oklahoma county, Okla.," for the amount sued for.

On the 1st day of July, 1933, the county attorney of Oklahoma county served on attorneys of record for plaintiff notice of his purpose to present on the 3d day of July, 1933, a motion to vacate and set aside the judgment in this cause. Such motion was filed on the 1st day of July, 1933. In the body of the motion "Oklahoma county, a

municipal corporation" appears as mover, but the motion is signed by the board of county commissioners of the county of Oklahoma by the county attorney through an assistant. Said board prays the court to vacate and set aside the judgment so entered in this cause and to grant said board a trial of said cause. The motion recites appearance specially for the motion and for no other purpose. This motion was presented to the court on the 7th day of October, 1933, and sustained on the grounds: (a) That the service had was void; and (b) that under section 5978, O. S. 1931, said judgment should be set aside and vacated. Said board was granted the right to plead and defend this cause.

Among other grounds said board asked that the judgment be set aside on the grounds:

(1) That the legal corporate entity, board of county commissioners of the county of Oklahoma, by which designation alone Oklahoma county is authorized to sue and be sued, was not made a party defendant in this action.

(2) Because no summons was ever issued, served, and returned against the corporate entity authorized to be served in this action and no jurisdiction was acquired of the person of this moving defendant.

(3) Because the summons which was issued, served, and returned herein was not issued, served and returned in the form and manner required by law in order to confer jurisdiction on this court of the person of this moving defendant.

Oklahoma county is a body politic and corporate. Section 1, art. 17, of the Constitution provides:

"Each county in this state, now or hereafter organized, shall be a body politic and corporate."

The statutes provide for the exercise of its powers as a body politic and corporate. Section 7363, O. S. 1931, provides:

"The powers of a county as a body politic and corporate shall be exercised by its board of county commissioners."

Section 7364, Id., provides:

"In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be 'board of county commissioners of the county of _____ _____' * * *"

This statute is mandatory and requires that all suits prosecuted by or against a

county be prosecuted in the name of the board of county commissioners of the county, of interest. Muskogee County v. Lanning & McRoberts, 51 Okla. 343, 151 P. 1054; Charles Smith v. State, 13 Okla. Cr. 619, 166 P. 463. This cause was not brought against "board of county commissioners of Oklahoma county, state of Oklahoma."

No valid summons could be issued to or served on said board in this cause. The summons issued and served did not confer jurisdiction over said board, and on that ground the judgment was properly vacated. In the motion said board asked the court to grant it a trial of said cause. Such request was unnecessary if it only sought to vacate and set aside the judgment on the jurisdictional grounds set out in its motion. In effect, it is an application for permission to intervene in said cause and should be treated as such. It is proper for the court to permit one not a party to a suit to intervene either before or after judgment for the protection or advancement of some rights with reference to the subject-matter of the litigation which he holds. Sizemore et al. v. Dill, 93 Okla. 176, 220 P. 352; Jones et al. v. Security State Bank of Frederick, 120 Okla. 231, 251 P. 65. Plaintiff alleged the contract sued upon was made with Oklahoma county by and through the board of county commissioners of said county. The intervention was for the protection of the right of said county under said contract.

In view of the views herein expressed, it is unnecessary to consider other questions urged in support and against the action of the court in vacating and setting aside the judgment.

The intervention by said board converted this cause into a cause against said board on the contract pleaded by plaintiff. The plaintiff and said board are entitled to a trial if they now wish it. Finding no error, the action of the trial court in vacating and setting aside the judgment in this cause is affirmed. The trial court will afford the parties an opportunity for further appropriate proceedings.

The Supreme Court acknowledges the aid of Attorneys Hayes McCoy, J. Robt. Ray, and Chas. W. Pennel in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McCoy, and approved by Mr. Ray and Mr. Pennel, the cause was assigned to a

Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.