BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF OKLAHOMA, Petitioner,

v.

Dee WEATHERFORD, Honorable Robert Fullerton, and State Industrial Court of the State of Oklahoma, Respondents.

No. 50724.

Supreme Court of Oklahoma.

May 24, 1977.

Andrew M. Coats, Dist. Atty., Dist. No. 7 by James P. Laurence, Asst. Dist. Atty., Oklahoma City, for petitioner.

J. Clark Russell, Charles E. Payne, Russell, Payne & Farber, Oklahoma City, for respondents.

LAVENDER, Vice Chief Justice:

A claim for compensation was filed June 14, 1976, against Oklahoma County Hospital, an entity owned by Oklahoma County, and notice was given by registered mail. December 6, 1976, a default award was entered against respondent.

Petitioner filed motion December 16, 1976, asking default award be vacated and the matter set for hearing: (1) Failure to join or serve Board of County Commissioners as essential party; (2) lack of jurisdiction to enter the award, which was void and constituted denial of due process. When heard, February 9, 1977, the trial court treated this motion as motion for new trial, noted special appearance of counsel, heard arguments which directed attention to mandatory statutes applicable, but denied motion to vacate and re-entered default award as the trial court's order.

Petitioner timely perfected proceeding for review, asserting voidness of trial court's order, and denial of due process for lack of jurisdictional requirements previously called to trial court's attention. Respondent-claimant responded alleging propriety of the default order, and moved dismissal of review proceedings on grounds respondent was properly served, pursuant to statute (85 O.S.1971, § 77) and State Industrial Court Rule 8, by registered notice to hospital, hence review proceeding should be dismissed because award became final 20 days after December 6, 1976. Petitioner responded to this motion alleging default award was void for lack of jurisdiction; petitioner neither having been joined as an essential party, nor served with notice as required under 19 O.S.1971, §§ 4, 5.

This statute, Section 4, first was construed and applied in *Muskogee County, Oklahoma v. Lanning & McRoberts*, 51 Okl. 343, 151 P. 1054 (1915). That decision held the statute, then Section 1500, R.L.1910, required *suit by or against a county* to be brought in the separate name, as prescribed by Constitution or Statute.

In *Green Const. Co. v. Okla. County*, 174 Okl. 290, 50 P.2d 625 (1935) involving force of this statute, then § 7364, O.S.1931, we said:

"No valid summons could be issued to or served on said Board in this cause. The summons issued and served did not confer jurisdiction over said board, and on that ground the judgment was properly vacated. In the motion said board asked the court to grant it a trial of said cause. Such request was unnecessary if it only sought to vacate and set aside the judgment on the jurisdictional grounds set out in its motion."

It is unnecessary to consider respondents' claim that proper service was obtained under 85 O.S.1971, § 77. Under 19 O.S. 1971, § 5, only one mode of service is recognized as a basis for acquiring jurisdiction in legal proceedings against a county. In an action against a county, jurisdiction may be obtained only by valid service of summons on county clerk, or by county entering appearance after valid action by board of county commissioners authorizing appearance. *Chicago R.I. & P. Ry. Co. v. Excise Bd. of Okla. County*, 168 Okl. 428, 33 P.2d 1081 (1934).

In *Smith v. State Industrial Court*, Okl., 408 P.2d 317 (1965), Syllabus 1 states:

"Due process inexorably requires that adversary parties be given proper notice and an opportunity to be heard before any of their substantial rights are altered or affected."

The award is vacated and the cause remanded to State Industrial Court with directions to dismiss the claim.

All of the Justices concur.